# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Marsha L. Wright,**

      **Plaintiff,**

**v.**                                                                                         **Case No. 08-2182-JWL**

**The New Linwood Cafe,**

      **Defendant.**

## MEMORANDUM & ORDER

On June 3, 2008, defendant filed a motion to dismiss plaintiff's complaint (doc. 9). After plaintiff did not file a response to the motion within the deadline for doing so, the court ordered plaintiff to show good cause in writing why she did not respond to defendant's motion in a timely fashion and further ordered plaintiff to respond to defendant's motion to dismiss. Prior to the show cause deadline established by the court, plaintiff filed a pleading that she described as "additional information that is necessary to [her] case." That pleading does not reference the court's show cause order and does not explain why she did not respond to defendant's motion in a timely fashion. Plaintiff, then, has not shown good cause for her failure to respond to the motion in a timely fashion. While the court, then, is entitled to consider and decide defendant's motion as uncontested, see D. Kan. R. 7.4, the court nonetheless analyzes defendant's motion on the merits as plaintiff, in her response, addresses the arguments raised in defendant's motion.

In its motion, defendant contends that dismissal of plaintiff's complaint is appropriate for two reasons–because defendant has employed less than 15 employees at all pertinent times and,

thus, is not an "employer" for purposes of Title VII; and because plaintiff's complaint was untimely filed and, thus, barred by the applicable statute of limitations. The court begins by addressing defendant's argument concerning the "employer" issue. Plaintiff's complaint is based solely on alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendant is subject to Title VII, however, only if, at the time of the alleged acts, it met the statutory definition of "employer," to wit: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 205 (1997) (quoting 42 U.S.C. § 2000e(b)). Defendant has submitted the affidavit of defendant's president and owner, Jeffery Coatney, who avers that "there were less than 15 employees working at all times at The New Linwood Café" during the current and preceding calendar year and during the duration of plaintiff's employment. In her response, plaintiff presents no evidence or allegation suggesting that defendant constitutes an "employer" for purposes of Title VII coverage.

While it appears, then, that defendant undisputedly is not an employer under Title VII, the issue is somewhat complicated by the fact that defendant has moved to dismiss on that issue for lack of jurisdiction. The Supreme Court, however, has held that Title VII's requirement that an employer have 15 or more employees is "an element of the plaintiff's claim for relief, not a jurisdictional issue." *See Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). Dismissal for lack of jurisdiction, then, is not appropriate. *See Xie v. University of Utah*, 2007 WL 1936017, at *4 (10th Cir. July 5, 2007). Moreover, the court cannot dismiss for failure to state a claim because

resolution of the motion requires reference to the affidavit of Mr. Coatney submitted with defendant's motion. *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007). Thus, the court would be required to convert defendant's motion on this issue to one for summary judgment and, in doing so, would be required to provide notice to plaintiff of the conversion to summary judgment and either an opportunity for limited discovery on the employer issue or, at a minimum, an opportunity to address the issue by affidavit. *See id.* at 1215; *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Rather than delay the disposition of this case for potential discovery and summary judgment filings, the court simply declines to address the issue further because, as will be explained, plaintiff's complaint is untimely in any event.

Title VII requires a plaintiff to file suit in federal court within 90 days of receipt of a right-to-sue letter. *Tademy v. Union Pacific Corp*., 520 F.3d 1149, 1167-68 (10th Cir. 2008). The notice of right-to-sue attached to plaintiff's complaint reflects that the notice was mailed on January 10, 2008. In the absence of evidence to the contrary, the notice is presumed to have been received by plaintiff no later than January 15, 2008. *See Marquez v. New Mexico*, 2007 WL 259691, at *1 (10th Cir. Jan. 31, 2007) (common law presumption of receipt within 5 days of mailing; Federal Rule of Civil Procedure 6(e)'s presumption of receipt within 3 days of mailing). Plaintiff, then, was required to file her complaint in federal court within 90 days of January 15, 2008 or, by April 14, 2008. Her complaint was not filed until April 21, 2008. Defendant, then, moves to dismiss plaintiff's complaint as untimely.

In response, plaintiff does not contend that she received the notice later than January 15,

2008 and she does not explain why she delayed filing her complaint in federal court. Indeed, the notice she received expressly warned plaintiff that she was required to file her complaint within 90 days of receiving her notice. Plaintiff argues only that she has followed "all procedures necessary to satisfy" the Kansas Human Rights Commission and the EEOC and, in support of her argument, she submits documents from both agencies indicating that her filings with those agencies were timely filed. But the fact that plaintiff may have timely sought administrative relief before the agencies is a separate issue from whether plaintiff timely pursued relief in federal court at the conclusion of the proceedings before the agencies. *See Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1186 (10th Cir. 2006) (identifying two limitations provisions that "together fix the time frame for bringing suit under Title VII"–claimant must timely seek administrative relief and must timely pursue legal action upon conclusion of the administrative proceedings).

In the absence of any evidence or argument from plaintiff concerning the timeliness of the filing of her complaint in federal court, the court concludes that plaintiff's complaint was untimely filed and is barred by the pertinent statute of limitations. *See Sandle v. Principi*, 2006 WL 2949133, at *2 (10th Cir. Oct. 17, 2006) (affirming grant of summary judgment for defendant where plaintiff filed lawsuit 91 days after receipt of right-to-sue letter); *Merrill v. Cintas Corp.*, 941 F. Supp. 1040, 1045 (D. Kan. 1996) (granting summary judgment in favor of defendant on Title VII claims where plaintiff filed lawsuit 91 days after she received right-to-sue letter). Defendant's motion is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc. 9) is **granted** and plaintiff's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2008, at Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge